In the Matter of WALTER T. RANSBURG et al., Petitioners, *v.* S. ROBERT PUTTERMAN, as Temporary Village Clerk, Respondent.

Supreme Court, Special Term, Nassau County, June 19, 1962.

*Julian Jawitz* for petitioners. *S. Robert Putterman,* respondent in person. *Charles Lapp* for intervenors.

JOSEPH A. SUOZZI, J. This is a proceeding in the nature of a writ of mandamus brought pursuant to article 78 of the Civil Practice Act, whereby the petitioners seek an order directing the respondent to place their names on the ballot for the election to be held in the Village of Atlantic Beach on June 20, 1962.

At the outset of the argument Charles Lapp, Esq., moved for permission to intervene on behalf of Fred Lager, candidate for Mayor, and Arthur Perry, William Tarter, Jay Weil and J. C. Grode, candidates for the office of Trustee of the Village of Atlantic Beach. The court granted the applicant's motion.

Petitioners allege and respondent admits that respondent was designated Temporary Village Clerk for the newly created village on June 4, 1962; that on June 6 respondent gave notice of the election for the offices of Mayor and Trustees, to be held on June 20; that on June 9 a set of nominating petitions filed by petitioners herein were ruled invalid by the respondent (his ruling was subsequently upheld by the Supreme Court and the Appellate Division of this Department; 35 Misc 2d 653, affd. 16 A D 2d 954); that a set of petitions filed by an opposing slate of candidates were ruled valid (this ruling was affirmed by the same courts); that the election of June 20 is a special election as defined by section 52 of the Village Law; that the nominating petitions now before the court are proper pursuant to the Election Law in form and content.

After the original set of petitions were rejected for their invalidity as to form, petitioners filed the new set of nominating petitions on June 18, 1962. These were rejected by respondent on the same day on the ground that " the same was not filed within the time limits required by the Election Law ". In this memorandum of rejection, respondent stated that " The provisions of Article 12 of the Election Law * * * have no application to the election scheduled for June 20, 1962." The petitioners claim that section 314 (subd. 17, par. a) of article 12 of the Election Law does apply, and this is the issue before the court.

As stated, there is now no dispute with respect to the validity of the form of the petitions before us. The sole question is whether or not the filing was timely.

Section 314 (subd. 17, par a) provides, " A petition for an independent nomination for an office to be filled at a special election shall be filed not later than twelve days following the issuance of a proclamation of such election." The nominating petitions herein were filed on the twelfth day after notice of the election was given by respondent on June 6. The respondent and the intervenors concede these facts to be so, but argue that section 314 (subd. 17, par. a) is applicable only to general elections or special elections called by proclamation of the Governor, and further that this section in article 12 of the Election Law is concerned with voting by members of the armed forces only, and that such is not the case here.

The language of the Court of Appeals in the several instances called to this court's attention wherein the Court of Appeals had occasion to refer to or cite section 314 of the Election Law does not indicate or lead to the conclusion that section 314 is limited in the manner contended by the respondent and the intervenors.

Notwithstanding the inclusion of section 314 in article 12, which is entitled "Voting by Members of Armed Forces", it would appear that section 314 is generally applicable (*Matter of Burns* v. *Wiltse,* 303 N. Y. 319; *Matter of McDonald* v. *Heffernan,* 196 Misc. 465, affd. 275 App. Div. 1054, affd. 300 N. Y. 488).

A careful reading of section 314 (subd. 17, par. a) together with sections 300 through 319, which comprise article 12, reveals that these sections make reference to "election", "general election", "any special election", "every special election", "primary election". It would not appear, therefore, that the special election referred to in section 314 (subd. 17, par. a) is confined solely to a special election called by proclamation of the Governor. Webster's Dictionary defines "proclamation" as "[Law] a public notice by an official of some order, intended action or state of facts." It would appear to this court that such a definition would encompass the notice given by the Village Clerk for the election which is the subject of this proceeding. However, it requires a strained interpretation to hold that section 314 (subd. 17, par. a) applies to this, the first election in a newly incorporated village. For, as the respondent and the intervenors argue, section 28 of the Village Law provides that the election must be held between 10 and 15 days after the notice given by the Village Clerk. In the event that the Village Clerk called for an election on 11 days' notice, as it would be proper for him to do, the application of this section would mean that nominating petitions could be filed after the election. Obviously this ridiculous result was not intended by the Legislature.

The same reasoning would apply to an application of subdivision 8 of section 143, which provides that "for an office to be filled at an election at a time other than that of a general election [a petition for an independent nomination] shall be filed not later than fourteen days preceding such election". Here, too, had the Village Clerk called an election less than 14 days after the notice, then timely petitions under section 143 would not be possible. The coincidence that the Village Clerk fixed the election for more than 14 days after the notice does not make applicable a law which could not be applicable if he had fixed the election at a time less than 14 days after the notice.

Both the petitioners, the respondent and the intervenors have proceeded on the basis that the Election Law was applicable to the matter of nominating petitions, and that this is a "special election". This, of itself, does not make the Election Law, and specifically section 143, applicable to this first election. It is the opinion of this court that it was never intended by the Legisla-

ture that the Election Law, and specifically section 143, apply to nominating petitions for offices to be filled at the first election of a newly incorporated village. The court is led to this conclusion by the inconsistency between section 28 of the Village Law and the provisions of the Election Law with which this court has been concerned in this proceeding.

In addition to this inconsistency, the court finds further support for this conclusion in the failure of the Legislature to provide for the application of the general provisions of the Election Law to the sections of article 2 of the Village Law which deal with the first election, and from the fact that the Legislature, by section 69 of the Village Law, makes specific provision for the application of the general provisions of the Election Law to all village elections except the first election.

The court's research has failed to disclose any statutory provisions applicable to the manner of designating candidates for the positions of Mayor and Trustees for the first election of a newly created village, nor has any been called to the court's attention. In the absence of a clear statutory provision, and in view of the fact that a petition which the respondent and intervenors concede is proper in form has been filed in sufficient time prior to the election to allow for the inclusion of the petitioners' names on the ballot, and prompted by a desire to afford to the People of the Village of Atlantic Beach, the first village to be incorporated in the State of New York in many years, an opportunity to exercise their right of franchise, the court hereby grants the petition and directs the respondent Village Clerk to place the names of the petitioners on the ballot for the election of Mayor and Trustees to be held in the Village of Atlantic Beach on June 20, 1962.